THE STATE OF NEBRASKA, EX REL. JOHN LANHAM, V. H. A. BABCOCK, AUDITOR OF PUBLIC ACCOUNTS.

Appropriations by Legislature.   Under the act approved March 31, 1887, to provide for " selling of all unsold lots and lands belonging to the state of Nebraska lying and being in the city of Lincoln, and to provide for the appropriation of funds arising from said sale," a sale of the lots and lands mentioned was had, the amount of the sale being $78,878, $30,995.33 of which was cash in hand; $23,928.17 in notes due in one year; and $23,946.52 in notes due in two years.   *Held*, That by the terms of the act there was an absolute appropriation of $78,878, upon which warrants could be drawn to carry into effect the purpose of the act.

ORIGINAL application for mandamus.

*Charles O. Whedon,* for relator.

*H. A. Babcock, pro se.*

MAXWELL, J.

This is an application for mandamus to compel the defendant to draw a warrant on the capitol building fund in favor of the relator. The relator alleges in his petition: "That by virtue of the provisions of an act of the legislature, entitled 'An act to provide for the selling of all unsold lots and lands belonging to the state of Nebraska, lying and being in the city of Lincoln, and to provide for the appropriation of funds arising from said sale,' approved March 31, 1887, the board of public lands and buildings of said state, in the year 1887, after advertising as required by said act, and in compliance with law, sold as by said act required the said lots and lands in said act mentioned for the sum of $78,878, of which amount $30,995.33 was paid in cash; $23,928.17 in notes due in one year; and $23,946.52 in notes due in two years. That after said sale, and after the capitol building had been enclosed, the said board of public lands and buildings, after due advertisement for proposals, awarded to affiant the contract for laying out and improving the capitol grounds on behalf of the state," etc.

The relator then sets out a copy of his contract, and alleges, "That after entering into said contract, and giving a bond for the faithful performance thereof, affiant entered upon said work, and the same is now in progress; that affiant has received under said contract several estimates for work done and material furnished, which have been presented to the auditor of public accounts, who has drawn his warrants upon the capitol building fund for the several

amounts thereof; that for material furnished and labor performed in the month of September, 1888, an estimate has been prepared and allowed by the superintendent of said work, and certified as being correct by said superintendent, and approved by the secretary of state and the commissioner of public lands and buildings, as president and secretary of the capitol building board; that said account is just and correct and is wholly unpaid, and there is due from said state to affiant upon said estimate for work and material done and furnished under said contract the amonnt of said estimate, $6,298.50; that said account and estimate have been presented to the auditor of public accounts of the state of Nebraska, and he has been requested to draw his warrant on said capitol building fund for the amount thereof; that said auditor refused and still refuses to draw said warrant for the amount of said account or estimate, for the sole and only reason that all cash received from the sales of said lots and lands has been expended; that of the said notes given as a part of the purchase price of said lots, and received as a part of the proceeds of said sales, more than $30,000 are yet unpaid, and are now held by the state; that the said auditor contends that he is not authorized by law to draw a warrant on said capitol building fund until the money due or to become due on said notes is paid into the treasury of the state, or until a sufficient amount has been paid in to pay said warrant or any warrant which may be drawn on said fund, and therefore and for no other reason refuses to draw said warrant for the amount due affiant on said estimate; that said auditor raises no question as to the correctness of the claim and estimate of affiant or as to the amount due him thereon."

The fifth section of the act approved March 31, 1887, provides: "That the amount derived from the sale of said lots and lands *is hereby appropriated out of the capitol building fund* to aid in the completion and the furnishing of said capitol building, and in laying out and improving

the grounds around said building, as provided in Sec. 4 of this act." The lands and lots described in the act were required to be sold, the proceeds to constitute a fund for the purpose of improving the grounds around the capitol building, and other purposes.

The evident design of the legislature was, that this fund should be available as soon as a sale of the lands and lots mentioned took place. The fact that a short credit was to be given each purchaser if he so desired, does not nullify the appropriation. The amount of the sales, being $78,870, was appropriated and made available for the purposes for which it was intended. If the whole amount is not in the treasury the statute has provided that the holder of a warrant shall be entitled to interest thereon when it is presented to the treasurer and not paid for want of funds. This being an absolute appropriation of the amount of the sales of the lots and lands referred to, and a large part of this being still unexpended, it follows that the relator is entitled to the writ, which will be issued accordingly.

WRIT AWARDED.

THE other judges concur.